ELIZA WHITE RICHTER v. MRS. ELIZA F. WHITE, MRS. MINNIE WILLIAMS COX AND C. L. COX.

(Filed 24 March, 1920.)

**Trusts—Parol Trusts—Deeds and Conveyances.**

Evidence that at the time of his deed to lands to his wife the grantor said a certain portion was to go to one of his grandchildren, and a certain other portion to another of them, to which the wife replied that the children would be taken care of, corroborated by the testimony of another witness that immediately after the deed was signed the wife came out of the room and said that her husband had given her everything to do as she pleased with for life and after her death it was to be divided between the two grandchildren, is sufficient to be submitted to the jury to engraft a parol trust in remainder in favor of the grandchildren, upon the deed to the wife.

APPEAL by defendants from *Daniels, J.,* at the September Term, 1919, of SAMPSON.

This is an action to engraft a parol trust upon land conveyed by Oliver P. White to his wife, the defendant, the plaintiff alleging that at the time of the execution of the conveyance it was understood and agreed between the parties that the defendant would hold the title to the property for herself for life, and then for the plaintiff, Eliza White Richter, their grandchild, and the defendant, Minnie Williams, another grandchild, in equal shares.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Grady & Graham, Henry E. Faison, Fowler & Crumpler, and Barker & Robinson for plaintiff.*

*Butler & Herring, Faircloth & Fisher, and Oates & Herring for defendants.*

PER CURIAM. The arguments of counsel for plaintiff and the defendant have been earnest and able, and the briefs filed full and satisfactory, both in the statements of fact and the discussion of the law, but at last the real question in controversy is whether there is evidence fit for the consideration of the jury to establish the parol trust alleged in the complaint, and, after a careful consideration of the record, and of the authorities, we are of opinion the case could not have been withdrawn from the jury.

The evidence of the witness Hall, the justice of the peace, who took the probate of the deed to the effect that at the time the deed was signed the grantor, O. P. White, spoke to his wife, and pointing to the land said this part down this way is to go to one, naming her, and this piece to go to the other, naming her, and that his wife, the grantee, replied that the children would be taken care of all right, permitted the inference that the deeds were executed pursuant to a previous agreement and understanding, and this is strongly corroborated by the evidence of Paul White, who was living with Mr. and Mrs. White, who testified that immediately after the deeds were signed Mrs. White came out of the room and told him that Mr. White gave her everything to do as she pleased with in her lifetime, and that after her death it was to be divided between the two grandchildren.

There is much other evidence sustaining the contentions of the plaintiff all of which was submitted to the jury under full, fair, and accurate instructions.

In our opinion, the evidence meets the requirements of the law, and it is not necessary to enter into a discussion of the authorities.

No error.